OPINION OF THE COURT
Frederick J. Marshall, J.
Before the court are plaintiffs’ motions to compel jurisdictional discovery, specifically answers to interrogatories and production of documents. The court has issued oral rulings on all jurisdictional discovery issues but one: whether defendants may be compelled to disclose information and documents related to firearm traces.
Plaintiffs’ claims derive from an incident in 2003, when defendant Cornell Caldwell shot plaintiff Daniel Williams with a handgun in Buffalo, New York. In addition to Caldwell, plaintiffs brought this suit against defendants Beemiller, Inc. doing business as Hi-Point, MKS Supply, Inc., and Charles Brown who are, respectively, the manufacturer, distributor, and retailer of the firearm used in the shooting. After plaintiffs were granted jurisdictional discovery by the Appellate Division, Fourth Department, they served Beemiller, MKS, and Brown with interrogatories and requests for document production. The demands seek information related to firearm trace data including, but not limited to, ATF-issued (Bureau of Alcohol, Tobacco, Firearms and Explosives) trace inquiries and firearm sales records.
Defendants object to plaintiffs’ demands for answers and documents related to firearm trace data on the grounds that the Tiahrt Amendment, a rider attached to federal legislative appropriations bills, insulates the information from discovery in civil litigation. In fact, defendants’ interpretation of Tiahrt shields any ATF firearm trace data in their possession from discovery and use in this litigation. In opposition, plaintiffs argue for a narrower reading of Tiahrt, limiting the Amendment to use by the ATF.
I. Firearm Tracing
When a law enforcement agency recovers a firearm in a criminal investigation, the recovering agency may place a tracing request with the ATF to identify the firearm’s history. The ATF is the only federal agency authorized to conduct firearm tracing, and its National Tracing Center manages all requests, following *440 traced firearms’ chains of licensees — manufacturers, importers, and dealers.* Federal laws require firearm licensees to maintain “importation, production, shipment, receipt, sale, or other disposition” records, which they must disclose to the ATF upon request. (18 USC § 923 [g] [1] [A].) After receiving information from all licensees responsible for the traced firearm, the ATF summarizes the data and remits a trace report to the requesting law enforcement agency.
II. The Tiahrt Amendment
In 2003, Congress attached the first “Tiahrt Amendment” to an appropriations bill funding the ATF. The provision restricts the ATF and third parties from disclosing firearm tracing information to parties other than law enforcement agencies. Though case law concerning the Tiahrt Amendment is limited, federal courts have evaluated the appropriations rider in assessing trace data requests made by civil litigants directly to the ATF. (See e.g. City of Chicago v United States Dept. of Treasury, Bur. of Alcohol, Tobacco & Firearms, 423 F3d 777 [7th Cir 2005] [refusing plaintiffs Freedom of Information Act request made to the ATF for trace data]; City of New York v Beretta U.S.A. Corp., 429 F Supp 2d 517 [ED NY 2006] [acknowledging Tiahrt’s ban on future trace disclosures but allowing disclosures already made].) However, no court has yet determined whether a firearm licensee can be compelled to disclose trace data.
Since 2003, Congress has renewed and lengthened the Tiahrt Amendment, and its most recent iteration as applicable to this lawsuit reads:
“[D]uring the current fiscal year and in each fiscal year thereafter, no funds appropriated under this or any other Act may be used to disclose . . . contents of the Firearms Trace System database maintained by the [ATF] or any information required to be kept by [firearm] licensees . . . except to: (1) a Federal, State, local, or tribal law enforcement agency, or a Federal, State, or local prosecutor; or (2) a foreign law enforcement agency solely in connection with or for use in a criminal investigation or prosecution; or (3) a Federal agency for a national security or intelligence purpose . . . [N]o person or entity described in (1), (2) or (3) shall knowingly and publicly disclose such data; and all such data shall be immune from legal process, shall not be subject to subpoena *441 or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State . . . or Federal court. . . .” (Consolidated and Further Continuing Appropriations Act, 2012, Pub L 112-55, 125 US Stat 552, 609-610 [112th Cong, 1st Sess, Nov. 18, 2011] [emphasis added].)
The Tiahrt Amendment breaks into two parts. First, it prohibits the ATF from using federal funds to distribute contents of its Firearms Trace System Database or mandatory firearm licensee business records to parties other than: (1) federal, state, or local law enforcement; (2) foreign law enforcement for investigation or prosecution purposes; and (3) federal agencies for national security purposes. Second, the Tiahrt Amendment broadly asserts “all such data” (1) is “immune from legal process”; (2) is “not . . . subject to subpoena or other discovery”; (3) is “inadmissible in evidence”; and (4) may not form a basis for testimony or other evidence in a civil action. Because “all such data” relates back to the first half of the Amendment, it includes contents of the ATF’s Firearms Trace System Database and related records, insulating the information from discovery and other legal process.
Notably, Tiahrt does not make an exception permitting disclosure when trace data is in a firearm licensee’s or other non-ATF party’s possession. Instead, Tiahrt offers a blanket statement preventing all ATF trace data from discovery and other legal process. Consequently, Tiahrt insulates ATF-generated firearm trace information from disclosure by all parties: the ATF, law enforcement, and civil litigants included. (See Angela Jacqueline Tang, Taking Aim at Tiahrt, 50 Wm & Mary L Rev 1787, 1828 [2009].)
However, the Tiahrt Amendment does not contain any language providing similar protections for private business records. In 2012, a Wisconsin trial court compelled a firearm licensee to disclose private business records maintained pursuant to federal law despite the licensee’s Tiahrt objections. (See tr of mot hearing before Dominic S. Amato, J., June 25, 2012, Lopez v Badger Guns, Inc., case No. 10-CV-018530.) In that case, the United States Attorney General submitted a brief suggesting the Tiahrt Amendment insulates the “ATF’s information,” not a firearm licensee’s private business records, from discovery. (See mot to intervene by the United States of America, mem of *442 intervenor, Apr. 2, 2012, Lopez v Badger Guns, Inc., case No. 10-CV-018530.)
Private business records include sales receipts and other transaction information kept by firearm licensees pursuant to 18 USC § 923 (g). Although the ATF may access these private business records to execute a firearm trace, the Bureau’s access does not transform the records into protected trace data. Further, allowing civil litigants to access private business records like sales receipts and other transaction data does not frustrate the Tiahrt Amendment because trace information is not made available to non-law enforcement parties.
However, trace inquiries and other ATF-related materials are not discoverable private business records. First, they are not among the records firearm licensees must maintain pursuant to federal law. Second, such records may contain trace data originating from, or compiled in, the ATF’s trace database. Finally, granting civil litigants and other non-law enforcement parties access to trace inquiries and other ATF information runs afoul of the Tiahrt Amendment’s efforts to limit such disclosures to law enforcement agencies. Therefore, trace inquiries and other ATF-related data are immune from discovery and legal process.
III. Plaintiffs’ Interrogatories and Document Production Requests
It is not clear whether defendants maintain trace inquiries or other ATF-related material. Defendants state they do not retain ATF trace inquiries and are not required to maintain such requests or generate their own trace information. And defendants also point out that “[e]ven if Defendants were able to say that a particular gun was or was not the subject of a trace inquiry, such alone would have no bearing whatsoever on the question of personal jurisdiction.” {See defendants’ joint mem of law, Sept. 16, 2013.)
Meanwhile, plaintiffs claim they seek trace data exclusively “created and kept by” defendants along with trace inquiries received from the ATF’s National Tracing Center. However, plaintiffs acknowledge the ATF and its National Tracing Center, not firearm licensees, are responsible for firearm tracing, and they do not suggest defendants are obligated to unilaterally generate or maintain such information.
Ultimately, plaintiffs are not entitled to discover “trace data” from defendants. Pursuant to the Tiahrt Amendment, defendants may not disclose ATF trace inquiries, information indicat *443 ing whether a firearm was traced by the ATF, or information identifying when a firearm was traced by the ATF. The Tiahrt Amendment broadly insulates “all such data” from discovery, making no distinction based on possession.
However, defendants may not assert the Tiahrt Amendment as a shield to insulate all private business records — including those mandated by 18 USC § 923 — simply because the ATF may have had access to them. In keeping, plaintiffs may discover defendants’ sales receipts and other transaction records to the extent they are amenable to jurisdictional discovery. Many of plaintiffs’ interrogatories and requests for document production seek these private business records, and defendants should produce them. If defendants, in the course of producing these business records, find that any information relating to trace data is intertwined with the records, they may apply for a protective order.
The court finds plaintiffs’ arguments concerning evidentiary privileges and Tiahrt’s intrusion on state law unpersuasive.
For the reasons stated in this opinion, plaintiffs’ motions to compel jurisdictional discovery are denied to the extent they seek interrogatory answers and document production concerning ATF firearm trace data.

 “Firearm licensee” used as defined by federal law. (18 USC § 923 [a].)